1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   SHEEMA KOLOFF, | )   Case No.: 1:11-cv-00195 AWI JLT |
| | ) |
| 12                          Plaintiffs, | )   ORDER DISMISSING THE ACTION |
| 13          v. | )   WITHOUT PREJUDICE FOR PLAINTIFF'S |
| | )   FAILURE TO EXHAUST ADMINISTRATIVE |
| | )   REMEDIES |
| 14   METROPOLITAN LIFE INSURANCE | ) |
|      COMPANY d/b/a METLIFE, INC. and | ) |
| 15   CATHOLIC HEALTHCARE WEST LONG | ) |
|      TERM DISABILITY PLAN, | ) |
| 16 | ) |
|                          Defendants. | ) |
| 17 _____ | ) |

18          Defendant Metropolitan Life Insurance Company, doing business as MetLife, Inc.,

19   ("Defendant" or "MetLife") seeks to have the matter dismissed for Plaintiff's failure to exhaust

20   administrative.  Plaintiff Sheema Koloff ("Plaintiff") opposes the dismissal of the action, and asserts

21   the matter should be remanded for administrative proceedings.  For the following reason, the action

22   is **DISMISSED WITHOUT PREJUDICE**.

23   **I.          Procedural History**

24          Plaintiff initiated this action by filing a complaint in Kern County Superior Court on

25   November 15, 2010.  (Doc. 1, Exh. A).  On February 3, 2011, Defendant removed the action to

26   federal court by filing a Notice of Removal, and asserting the Court had subject matter and diversity

27   jurisdiction over the action.  (Doc. 1).  On June 16, 2011, Plaintiff filed her First Amended

28   Complaint. (Doc. 17) In the First Amended Complaint, Plaintiff alleged, "On or about March 3,

1

1   2009, MetLife denied Plaintiff's claim for longterm disability benefits on the grounds that she had a

2   pre-existing condition" and attached a copy of the letter as Exhibit 1. (Doc. 17 at 5, Doc. 17-1)

3   Defendant filed its Answer on June 30, 2011 (Doc. 19).

4       The parties filed their Joint Scheduling Report on July 27, 2011 prior to the Court's

5   scheduling conference.  (Doc. 21).  The parties noted: "MetLife denied Plaintiff's claim on the

6   ground that her condition was pre-existing under the terms of the Plan, and MetLife issued a letter

7   dated March 3, 2009 explaining the bases for its claim determination.  Plaintiff never pursued an

8   administrative appeal of that adverse claim decision."  *Id.* at 1.

9       On January 5, 2012, the Court conducted a settlement conference, at which the Court raised

10  the issue of Plaintiff's failure to complete an administrative appeal.  (Doc. 35 at 1).  When the Court

11  indicated that it would require briefing on the topic and would consider the briefs  as a dispositive

12  motion related to the exhaustion of administrative remedies, counsel conferred with their clients, and

13  indicated they wished to consent to Magistrate Judge jurisdiction for the limited purpose of deciding

14  the issue.  (*See id*; Docs. 37-38).  Therefore, on January 25, 2012, the Court issued an order re-

15  assigning the matter for the limited purpose of determining the dispositive issue of Plaintiff's alleged

16  failure to exhaust her administrative remedies.  (Doc. 42).

17      Pursuant to the briefing schedule set forth by the Court, the parties filed opening briefs on the

18  issue on January 27, 2012 (Docs. 43-44), and responsive briefs on February 50, 2012 (Docs. 49-50).

19  On February 22, 2012, the Court heard the oral arguments of counsel.

20  **II.      Exhaustion of ERISA's Administrative Remedies**

21      A participant in a pension plan regulated by the Employee Retirement Income Security Act

22  ("ERISA") may bring a civil action "to recover benefits due to him under the terms of his plan, to

23  enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the

24  terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Although not expressly required by ERISA, "a

25  claimant must avail himself or herself of a plan's own internal review procedures before bringing

26  suit in federal court."  *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478,

27  1483 (9th Cir. 1995).  Exhaustion of administrative remedies is required "to help reduce the number

28  of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to

1   provide a nonadversarial method of claims settlement; and to minimize the costs of claims for all

2   concerned." *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980).

3     "Because the exhaustion requirement is a creation of the federal courts . . ., it is a prudential

4   rather than jurisdictional requirement." *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546

5   F.3d 620, 626 (9th Cir. 2008).  The Ninth Circuit opined, "It would certainly be anomalous if the

6   same good reasons that presumably led Congress and the Secretary to require covered plans to

7   provide administrative remedies for aggrieved claimants did not lead the courts to see that those

8   remedies are regularly used." *Amato*, 618 F.2d at 567.  Accordingly, "[a]s a general rule, an ERISA

9   claimant must exhaust available administrative remedies before bringing a claim in federal court."

10  *Barboza v. Cal. Assoc. of Prof'l Firefighters*, 651 F.3d 1073, 1076 (9th Cir. 2011) (citing *Vaught*,

11  546 F.3d at 626).

12    The Ninth Circuit held the proper procedure for raising failure to exhaust is an unenumerated

13  motion under Fed.R.Civ.P 12(b), rather than a summary judgment motion, because exhaustion does

14  not go to the merits of the claims.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *Ritza v.*

15  *Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curium).  In

16  addition, the Court may *sua sponte* raise a claimant's failure to exhaust administrative remedies.

17  *See, e.g., Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 625 (9th Cir. 2008)

18  (noting the district court ordered the parties to brief whether the plaintiff exhausted the appeal

19  procedures, and whether a failure to exhaust precluded him from pursing the claim in the federal

20  court); *see also Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 776 (S.D. Tex. 2001) ("A court may

21  dismiss a cause of action *sua sponte* for failure to exhaust administrative remedies) (citing

22  *Dougherty County Sch. Sys. v. Bell*, 694 F.2d 78, 80 (5th Cir. 1982)).  To determine whether a case

23  should be dismissed for failure to exhaust the administrative remedies, "the court may look beyond

24  the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to

25  summary judgment." *Wyatt*, 315 F.3d at 1119-20.  When an individual has not exhausted all

26  available administrative remedies, "the proper remedy is dismissal without prejudice." *Id.* at 1120.

27  ///

28  ///

3

1   **III.    Evidentiary Objections**

2          In conjunction with its reply brief, Defendant filed objections to the declarations of Sheema

3   Koloff and Dr. Christine Deeths filed in support of Plaintiff's opening brief.  (Doc. 49-1).  Defendant

4   asserts, "The statements and opinions in the declarations do not tend to prove or disprove whether

5   Koloff inexcusably failed to submit a timely appeal of MetLife's adverse claim determination."  *Id*.

6   at 2.  Review of the proffered evidence reveals the declaration of Dr. Deeths does not provide

7   relevant information regarding the issue of whether Plaintiff exhausted her administrative remedies.

8   For this reason, Defendant's objections to the declaration of Dr. Deeths are **SUSTAINED**.

9   Likewise, Plaintiff's declaration discusses her medical condition primarily, and offers limited insight

10  to her actions regarding seeking an appeal of MetLife's decision to deny her benefits.  Consequntly,

11  Defendant's objections Paragraphs 1-7 and Paragraphs 12-13 of Plaintiff's declaration, and the

12  Exhibit attached thereto, are **SUSTAINED**.

13  **IV.    Discussion and Analysis**

14          Defendant argues the case should be dismissed because Plaintiff failed to exhaust her

15  administrative remedies.  (Doc. 44 at 9).  Defendant asserts that exhaustion is a condition precedent

16  to suit, and Plaintiff "has not satisfied the requirement of pleading exhaustion or excuse."  *Id.* at 10.

17  Under the terms of the Plan, the insured was informed:

18          If MetLife denies your claim, you may appeal the decision.  Upon your written request,
        MetLife will provide you free of charge with copies of documents, records and other
19      information relevant to your claim.  You must submit your appeal to MetLife at the
        address listed on the claim form within 180 days of receiving MetLife's decision.
20      Appeals must be in writing . . .

21  AR at 209.  In addition, Defendant asserts the appeal process was explained to Plaintiff in its claim

22  denial letter dated March 3, 2009, and during a telephone conversation on March 5, 2009.  (Doc. 44

23  at 9) (citing AR at 16, 27-29).  According to Defendant, "Failure to apply the exhaustion doctrine

24  here would not only frustrate the legitimate purposes behind the doctrine, but it would also allow

25  Koloff to circumvent her failure to timely appeal MetLife's denial-of-benefits decision by permitting

26  her to file suit almost two years after her claim was initially denied."  (Doc. 44 at 11).

27          On the other hand, Plaintiff contends that her "husband protected her from having to

28  communicate with MetLife" and "did not keep Plaintiff informed as to the status of her claim, or

4

even what actions he had taken to submit documents and information to MetLife," (Doc. 43 at 10). However, evidence in the administrative record demonstrates both Plaintiff and her husband worked on her claim and followed up with MetLife regarding benefits.  For example, on December 30, 2008, Plaintiff's husband reported he and Plaintiff were "working on the forms" for her claim.  AR at 3.  In addition, the record demonstrates that Plaintiff called Defendant to inquire about the status of her claim on February 23, 2009, and March 4, 2009.  *Id.* at 8, 15.  Further, after the decision was made to deny Plaintiff's claim, a case manager explained – *to Plaintiff* – her "rights [and] the appeals process" during a telephone conversation on March 5, 2009.  *Id.* at 16.

Nevertheless, Plaintiff contends she was not provided a written notice of the denial of her claim, and "she only received notice when she called to inquire about the status of her claim" on November 30, 2009.  (Doc. 43 at 8-10).  According to Plaintiff, "[She] told the representative she did not receive the March 3, 2009 denial letter, and that in any event, her disability was not caused by a pre-existing condition.  She also told the representative that MetLife did not have her correct address."[1] *Id.* at 9.  Plaintiff argues, "Based on these statements, MetLife had a duty to, at a minimum, consider her statements and provide her notice of its decision regarding her claims of lack of notice and her request for an appeal.  Instead, MetLife told her that the appeal period had lapsed, that her appeal was untimely, and that MetLife could not guarantee that they would accept her appeal."  *Id.*

As discussed above, an ERISA plaintiff must exhaust administrative remedies prior to commencing an action in federal court.  *Barboza*, 651 F.3d at 1076.  However, "there are occasions when a court is obliged to exercise its jurisdiction . . . when resort to the administrative route is futile or the remedy inadequate."  *Amato*, 618 F.2d at 568 (quoting *Winterberger v. General Teamsters Auto Truck Drivers & Helpers Local Union 162*, 558 F.2d 923, 925 (9th Cir. 1977)).  Consequently,

---

[1] Although Plaintiff asserts she "told the representative that MetLife did not have her correct address," the case manager noted: "She said we have the correct address except the end of her street address is "Way," not "CT."  AR at 17.  Thus, [w]hen MetLife re-sent the letter to Koloff in November 2009, it sent it to the same address . . ." (Doc. 49 at 6).  Notably, the denial letter attached to Plaintiff's First Amended Complaint reflects the "Swift Falls *Way*" address *and* the "Swift Falls *Ct*" address. (Doc. 17-1 at 1, 4). The Court surmises that the corrected suffix was made after the November 2009 contact with Plaintiff.  Importantly, there is no argument that Plaintiff did not receive the other correspondence sent by Defendant to the Swift Falls Ct location.

1  courts have excused the exhaustion requirement when a plan administrator actively denies

2  meaningful access to information an insured attempts to obtain regarding review procedures.  *See,*

3  *e.g., Curry c. Contract Fab. Inc. Profit Sharing Plan*, 891 F.2d 842, 846-47 (11th Cir. 1990); *Meza*

4  *v. General Battery Corp*., 908 F.2d 1262, 1279 (5th Cir. 1990).

5      **A.    Plaintiff has not shown an administrative appeal was futile, and Defendant did**

6          **not deny Plaintiff access to information regarding review procedures.**

7      Where a plaintiff asserts exhaustion of administrative remedies would have been futile, "bare

8  assertions of futility are insufficient," and the exception requires more than speculation regarding the

9  outcome of an administrative appeal.  *Diaz*, 50 F.3d at 1485-86; *see also Grenell v. Ups Health &*

10  *Welfare Package*, 390 F. Supp. 2d 932, 935 (C.D. Cal. 2005) (requiring a plaintiff "to explain *why*

11  an appeal of the claim denial would have been futile").  The Ninth Circuit explained, the futility

12  exception to the exhaustion doctrine "is designed to avoid the need to pursue an administrative

13  review that is demonstrably doomed to fail." *Id.* at 1486.  Thus, the Court found the futility

14  exception was not applicable where "delinquency in pursuing an internal appeal prevented the

15  possibility of an administrative look at the merits, and the record contains nothing but speculation to

16  suggest the administrators would have reached a preconceived result in that respect." *Id.*

17      In this case, Plaintiff asserts she was unaware that an appeal must be in writing, and after she

18  received the notice her claim had been denied, she "determined that an appeal would be futile."

19  (Doc. 43 at 13, 15).  Plaintiff contends she "attempted to adhere to the Plan's appeal procedures, but

20  was denied access to the process." *Id.* at 15.  Significantly, the Plan contained the requisite

21  information regarding appeals of an initial determination, and provided: "You must submit your

22  appeal to MetLife at the address indicated on the claim form within 180 days *of receiving MetLife's*

23  *decision*.  Appeals must be in writing . . ." *See* AR at 209 (emphasis added).  Likewise, the denial

24  letters dated January 6, 2009 and March 3, 2009 informed Plaintiff that she "may appeal this

25  decision by sending a *written* request for appeal." AR at 20, 79 (emphasis added).

26      Even assuming Plaintiff did not have notice of the decision to deny her claim until she

27  received a copy of the denial letter in December 2009, Plaintiff failed to file a written appeal or seek

28  administrative remedies within 180 days of that time.  Although she argues "MetLife's failure to

provide adequate notice[2] . . . did not trigger the 180-day appeal period" (Doc. 43 at 13; Doc. 50 at 4-5), Plaintiff admits she received the letter giving notice that her claim was denied after she talked with a case manager on November 30, 2009 (Doc. 43 at 9).  Under the terms of the Plan, and as explained in the letter, the appeal period was triggered upon receipt of notice that her claim was denied, and written appeals must be filed "within 180 days *after you receive this denial letter.*"  AR at 20 (emphasis added).  Thus, even assuming the appeal period was not triggered by the March 2009 letter, certainly it was triggered when she received the denial letter in December 2009.  Nevertheless, Plaintiff did not attempt to file a written appeal within 180 days of the receipt of the letter–as she admitted in the joint scheduling report (Doc. 21 at 1), and has not established an appeal would have been "demonstrably doomed to fail."[3]  *See Diaz*, 50 F.3d at 1486.  Therefore, the futility exception is inapplicable.

**B.      Remand is not appropriate in this matter.**

Plaintiff argues the case should be "remanded to the Plan's appeals board and to its claims fiduciary for an adjudication on the merits, and that Plaintiff is entitled to interim attorneys' fees." (Doc. 43 at 21).  However, the Ninth Circuit explained "the proper remedy is dismissal without prejudice" when an individual has not exhausted all available administrative remedies prior to filing suit.  *Wyatt*, 315 F.3d at 1120.  Accordingly, because Plaintiff failed to exhaust her administrative

---

[2] Plaintiff contend the content of the notice was defective.  At the hearing, Plaintiff's counsel argued the notice should have informed Plaintiff an administrative appeal was a prerequisite to litigation, and the notice should have included information about *what* Plaintiff had to provide to MetLife for the purpose of an appeal.  Significantly, such information was provided by MetLife in its letter, which informed Plaintiff, "We are willing to review any additional information you may wish to submit, such as office visit notes, diagnostic test reports, hospitalization records, and specialist records, which may have an effect on our decision."  AR at 20.  Further, the letter informed: "In the event your appeal is denied in whole or in part, you will have the right to bring a civil action . . ."  *Id.*  Because denial of an appeal requires the *filing* of an appeal, the implication is that an individual must file an administrative appeal prior to bringing a civil action.  Thus, the content of the notice was not inadequate.  Moreover, as explained by the Eighth Circuit, "The exhaustion requirement applies so long as the employee had notice of the procedure, *even if* the plan, insurance contract, and the denial letters do not specifically describe the review procedure as a mandatory or a prerequisite to suit."  *Wert v. Liberty Life Assurance Co. of Boston*, 447 F.3d 1060, 1063 (8th Cir. 2006) (emphasis added).  Given that Plaintiff received legal representation soon after receiving the December 2009 denial letter–and *still* did not take efforts to appeal–it appears that this decision not to appeal was tactically driven.

[3] Notably, Defendant asserts Plaintiff "could pursue an appeal at any time," and acknowledges Plaintiff currently possesses the right to file an administrative appeal of the decision denying her claim for long-term disability. (Doc. 49 at 10).

7

1   remedies by filing an appeal of the denial of her benefits, the matter should not be remanded for her

2   to file the appeal.  Rather, the appropriate remedy is a dismissal of the action without prejudice.[4]

3   **V.      Conclusion and Order**

4          Plaintiff failed to file an appeal in accordance with the terms of the Plan, and has not

5   demonstrated the appeal fell within the futility exception such that her failure to exhaust

6   administrative remedies should be excused.  In addition, Defendant did not deny Plaintiff access to

7   information regarding the appeals process or the appeals process itself.  Consequently, because

8   Plaintiff failed to avail herself of the Plan's "own internal review procedures before bringing suit,"

9   the Court should not exercise jurisdiction over Plaintiff's claims.  *See Diaz*, 50 F.3d at 1483.

10         Accordingly, **IT IS HEREBY ORDERED**:

11     1.      This action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to

12             exhaust administrative remedies; and

13     2.      The Clerk of Court is direct to close this matter, because this Order terminates the

14             action in its entirety.

15

16  IT IS SO ORDERED.

17  Dated:   **February 22, 2012**                                    **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24
_____
25         [4]Given the Court's order which, in essence, refuses to remand the matter for the administrative appeal, the Court
26  finds no grounds to award attorneys fees to Plaintiff.  Moreover, the Court is hard-pressed to understand Plaintiff's position
    that she was successful in this proceeding.  She did not initiate returning this matter to the administrative appeal level despite
27  that doing so has the potential of placing her in a superior legal footing.  Indeed, Plaintiff argued in part that the appeal
    requirement had been excused such that returning to the administrative appeal level, should not be required.  Similarly,
28  Plaintiff's argument that she "defeated the defense of the failure to exhaust the administrative remedies," is a nonstarter *given
    the Court is now dismissing the case based upon Plaintiff's failure to exhaust her administrative remedies.*